J-S15022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v. :
:
:
:
KAVON D. ANDERSON :
:
Appellant :   No. 1625 EDA 2021

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0009101-2016

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 14, 2022**

Kavon D. Anderson (Appellant)[1] appeals from the judgment of sentence imposed for possessing an instrument of crime, simple assault, and criminal mischief,[2] following revocation of Appellant's probation.  After careful review, we affirm.

On August 28, 2016, officers responded to 1422 Gilham Street in Philadelphia, where a man (the complainant) indicated he had solicited a female for sex on Backpage.com.  After arriving at the designated hotel, the complainant discovered Appellant was male.  The complainant gave Appellant $200 and asked Appellant and an individual with Appellant to leave.  A struggle

---

[1] Appellant was born male, but identifies as female.

[2] *See* 18 Pa.C.S.A. §§ 907, 2702(a), 3304(a)(2).

ensued, and Appellant and the other individual took complainant's wallet, kicked him, and ran out the door. The complainant's property was taken "at the point of a weapon." Trial Court Opinion, 11/19/21, at 2.

The Commonwealth charged Appellant with the above crimes, and the trial court accepted Appellant's negotiated guilty plea. *Id.* On July 24, 2017, in accordance with the plea agreement, the court sentenced Appellant to concurrent probation terms of three years for PIC, one year simple assault, and one year for criminal mischief. *Id.* The Commonwealth withdrew felony charges, which included robbery, conspiracy, and firearms offenses. *Id.* at 6.

The trial court explained:

> On the date … sentence had been entered, I informed [Appellant] of the potential consequences to violation of the conditions of the order of sentence … Those conditions included prohibition to use or contact [] illegal narcotics, submission to drug screening of narcotics, … the first positive testing was supposed to come back to [the trial court,] … twenty hours of community services, completion of ongoing anger management counseling.
>
> [The trial court] permitted Baltimore, Maryland, supervision if the transfer was accepted and approved by [the] probation department—regular court costs, and [the court] advised [Appellant] at that time as to what would occur if she returned with violating behavior.

*Id.* at 2.

On December 8, 2017, while under supervision in Baltimore, Appellant arranged (on craigslist.com) to meet a man at a hotel. *Id.* According to the man, upon his arrival at the hotel,

a male dressed as a female answered the door. Complainant advised, "I'm not into that" before another male dressed as a female exited the room, stepped behind the complainant and physically forced th[e] complainant into the hotel room. … [O]nce in the room, [a] third individual was present.

….

Complainant's pockets were searched for belongings. The person who answered the door and the person who forced him into the hotel room took a Samsung Note 4 and car keys from the complainant. The three suspects exited the hotel room towards the elevator—[there was an] identification of [Appellant] as one of the individuals that robbed that complainant. Complaint provided he pursued the individuals that robbed him. When [complainant] confronted them, one of them … picked up a lamp [and] started to assault the complainant before a hotel employee was able to intervene.

*Id.* at 3-4. As a result of the Maryland incident, the Maryland Circuit Court sentenced Appellant to a three-year suspended sentence, followed by two years of probation. *Id.* at 4.

During his supervision in Maryland, Appellant was arrested six times in Virginia. *Id.* Appellant's sole conviction in Virginia resulted in a suspended sentence of 12 months of confinement and 50 hours of community service. *Id.* At the time of the Virginia incident, Appellant did not have permission to leave Maryland. *Id.*

On August 20, 2020, Maryland reported to Philadelphia County's probation department that Appellant had absconded from supervision. *Id.* On December 9, 2020, the Philadelphia probation department received notice that Appellant was in custody in Baltimore. *Id.* Pennsylvania extradited Appellant to Philadelphia for violations of probation (VOP) proceedings. *Id.*

- 3 -

On January 8, 2021, Appellant's counsel conceded the probation violations, and the trial court ordered a presentence investigation and mental health assessment. *Id.* at 5. After a *Gagnon II*[3] hearing on July 8, 2021, the trial court sentenced Appellant to concurrent terms of two to four years in prison, followed by one year of "intensively supervised reporting probation," for PIC; one year of "intensively supervised reporting probation" for simple assault; and one year of "intensively supervised reporting probation" for criminal mischief. Sentencing Order, 7/8/21. Appellant filed a motion for reconsideration of sentence. Following an evidentiary hearing and oral argument, the trial court denied Appellant's motion. Appellant filed this timely appeal,[4] and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court filed an opinion.

Appellant presents the following issues for review:

1. Whether the sentencing court abused its discretion following the revocation of probation and the imposition of a 2 to 4 years state prison [sentence] followed by 3 years of probation given

---

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). *See also Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (explaining that when parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing of probable cause that a violation occurred; if the court finds probable cause, the court holds a second, more comprehensive hearing to make a final decision).

[4] Appellant filed a notice of appeal from the July 8, 2021, and July 26, 2021, orders. However, an appeal properly lies from the judgment of sentence entered July 8, 2021. The caption has been corrected. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (explaining that in criminal cases, an appeal lies from the judgment of sentence made final by the denial of post-sentence motions).

- 4 -

the nature of the crime, the Appellant's character, and display of remorse?

2. Whether the sentencing court was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will given the nature of the crime, the Appellant's character, and display of remorse?

Appellant's Brief at 3. Like Appellant, we address the issues together.

Appellant challenges the discretionary aspects of her sentence. "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). However, "a challenge to the discretionary aspects of a sentence is not appealable as of right." *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014). Before we reach the merits of Appellant's issues, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved h[er] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code[.] [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43 (citations omitted).

Our review discloses Appellant timely filed her notice of appeal and preserved her issues by filing a post-sentence motion for modification of sentence. Appellant additionally included in her brief a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See*

Appellant's Brief at 8-9. As to whether Appellant has raised a substantial question, we conduct a case-by-case analysis. ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004).

In her Rule 2119(f) statement, Appellant asserts the trial court "imposed a manifestly unreasonable sentence" of two to four years in prison, followed by three years of reporting probation, because the court previously imposed only probation. Appellant's Brief at 8-9. Appellant claims the court failed to consider she is transgender and would likely be abused in prison. ***Id.*** at 9. Appellant further contends the court failed to consider she served five months in jail prior to her original sentencing, and eight months in jail, under COVID conditions, while awaiting resentencing. ***Id.*** Appellant also asserts the trial court improperly disregarded her remorse, mental health problems and rehabilitative needs, family support, prior trauma, youth, and lack of education. ***Id.*** at 10.

This Court has held that a claim of an excessive sentence, in conjunction with an assertion the court failed to consider mitigating factors and rehabilitative needs, raises a substantial question for review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (concluding substantial question existed where appellant challenged the sentence as unduly excessive, and claimed the court failed to consider appellant's rehabilitative needs).

Having determined that Appellant has raised a substantial question, we recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted).

When a court revokes a defendant's probation and imposes a new sentence, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b); *see also Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (noting that although VOP courts must consider general sentencing principles under 42 Pa.C.S.A. § 9721(b), the "sentencing guidelines are not required to be consulted in such instances" (citation omitted)). VOP courts may not impose a sentence of total confinement unless

(1) the defendant has been convicted of another crime; (2) the defendant's conduct demonstrates a likelihood she will commit another crime if not imprisoned; or (3) "such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Appellant argues the trial court improperly sentenced her to two to four years in prison because she had served 13 months in custody following her out-of-state arrests and extradition to Philadelphia. Appellant's Brief at 11. Appellant claims the sentence is manifestly unreasonable where she has "been trying to work on her behavior, attended classes and enrolled in the GED program while incarcerated." *Id.* Further, Appellant claims the court failed to consider that she was raised in a single-parent home and had no contact with her father. *Id.* Appellant emphasizes evidence of her problems in school and difficulties transitioning from male to female. *Id.* Appellant points out she was sexually assaulted when she was 19, and has multiple diagnoses of ADHD, bipolar disorder, and PTSD. *Id.*

Pertinently, the trial court ordered a presentence investigation report (PSI) and mental health assessment prior to sentencing. N.T., 7/8/21, at 5-17 (trial court summarizing the assessments and reports it considered). When a PSI exists, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted); ***see***

*also Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (sentencing courts "are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure"; where a PSI exists, "the sentencing court's discretion should not be disturbed" (citation omitted)).

At sentencing, the trial court expressly considered the aforementioned reports and assessments. *See* N.T., 7/8/21, at 5-17. The court also considered letters from Appellant's mother and grandmother, Appellant's mental health evaluation and psychiatric reports, and the Commonwealth's *Gagnon II* summary.[5] *Id.* at 18-19.

Appellant's counsel additionally informed the court that Appellant had completed her community service requirement in Baltimore, although counsel had no documentation. *Id.* at 20. Counsel provided the court with telephone numbers for persons who could confirm Appellant's compliance. *Id.* The court accepted counsel's representation, but also indicated "[t]here were multiple indications that it wasn't [completed]." *Id.*

Appellant's counsel summarized Appellant's difficulties growing up as a cisgender male, lack of family support, and resulting mental health issues. *Id.* at 22-23. Counsel also explained, "The reason why my client was in

---

[5] Appellant's counsel corrected the summary to indicate Appellant no longer owed money for court fees and costs which had been paid by Appellant's family. *Id.* at 19.

Virginia is she had a boyfriend in Virginia at the time." *Id.* at 23. Counsel

indicated Appellant was in her eighth month of being housed in isolation for

protection in the men's prison. *Id.*

Appellant addressed the trial court and expressed remorse. *Id.* at 36.

Appellant stated that while incarcerated, she attended classes to get her GED.

*Id.* at 36-37. Appellant nevertheless acknowledged her two subsequent

convictions while on probation. *Id.* at 38.

As noted, the trial court sentenced Appellant to an aggregate two to four

of incarceration. Quoting from the transcript of the hearing on Appellant's

post-sentence motion, the trial court explained:

> [W]ithin the order of sentence that I fashioned, I made a notation that the state facility was to accommodate your transgender concerns. They have that ability to do so already in play.
>
> In terms of the fact that you were in a county facility during a substantial period of time -- a large part of your time was spent within your cell, that challenge was equal to every single person that was in county custody predominately due to COVID concerns. … That difficulty, hopefully, will be resolved in the future as we go forward. And it's my understanding that a lot of that had to do with safety concerns as well.
>
> … [T]he reasons that you are back before me have to do with direct violations and technical violations of a myriad nature. What was most concerning to this [c]ourt is that you harmed other people. And while I certainly understand the challenges that you have being a transgender person, that's no excuse for the harm that you imposed on other people. And I was also struck by the unique similar nature of your conduct to the same type of conduct that brought you here before me.

*   *   *

There has been a myriad of efforts to rehabilitate you absent the imposition of the state sentence. They all failed.

* * *

After you were sentenced on July 24, 2017, … per your request, the supervision was transferred to the State of Maryland to accommodate you. While under [that c]ourt's supervision, you incurred multiple arrests and direct violations in two different states, that being Maryland and Virginia, and rebuffing any attempts of supervision and direction. …

* * *

I considered some of the mitigating circumstances relative to my sentence that were put forth to me. But at the end of this process, I have a duty to the citizens of the Commonwealth of Pennsylvania of which you are listed as one of my primary concerns. I have a duty to do whatever I can do to direct you to rehabilitation.

The keys have always been in your hands, and you kept throwing them away and rebuffing any attempts of supervision and direction. …

This order of sentence was thoughtfully entered because it is my hope that with the order of sentence, including state confinement, your state supervision could direct you better.

They have different programs available to you that are not available here. All of the efforts here did not work. That is why I entered the order of sentence as I did. And that's why I'm not changing it.

Trial Court Opinion, 11/18/21, at 18-19 (citation omitted).

The record belies Appellant's claim that the trial court failed to adequately consider mitigating factors when imposing Appellant's sentence. The court further determined Appellant was convicted of another crime; Appellant's conduct demonstrated a likelihood she will commit another crime

- 11 -

if not imprisoned; and a sentence of total confinement was essential to vindicate the court's authority. The court stated:

> Appellant's conduct following the grant of probationary and custodial release [] evidenced a defiant, unabated intention to commit crimes and to defy this [c]ourt's authority to the detriment of our society. Vindication of the trial court's authority was essential. While under supervision, Appellant's behavior, as reported and conceded and referenced within the presentence investigation and mental health assessment, and all witnesses presented, unequivocally proved that Appellant had remained a high-risk recidivist.

Trial Court Opinion, 11/18/21, at 21; **see also** 42 Pa.C.S.A. § 9771(c).

We discern no abuse of discretion. **See Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) (this Court may not re-weigh sentencing factors and impose our judgment for that of the trial court). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2022

- 12 -